LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

HERLINDA FRANCISCO GARCIA,
REMIJIA GARCIA SOLANO,
ARISTEO VELAZCO and JOHN DOE,
on behalf of themselves and
FLSA Collective Plaintiffs,

        Plaintiffs,

v.

DRY CLEAN NYC LLC.,
DRY CLEAN NYC SATELLITE LLC.,
JOHN DOE CORPORATIONS 1-3
    d/b/a DRY CLEAN NYC,
SAMUEL CERDA and ELTON CERDA,

        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiffs, HERLINDA FRANCISCO GARCIA, REMIJIA GARCIA SOLANO, ARISTEO VELAZCO, and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, DRY CLEAN NYC LLC., DRY CLEAN

1

NYC SATELLITE LLC., JOHN DOE CORPORATIONS 1-3, SAMUEL CERDA and ELTON CERDA (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they, FLSA Collective Plaintiffs and similarly situated individuals are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, HERLINDA FRANCISCO GARCIA, is a resident of Bronx County, New York.

6. Plaintiff, REMIJIA GARCIA SOLANO, is a resident of Queens County, New York.

7. Plaintiff, ARISTEO VELAZCO, is a resident of New York County, New York.

8. Defendant, DRY CLEAN NYC LLC., is a domestic limited liability company organized under the laws of the State of New York with an address for service of process located

at 323 Admiral Lane, Bronx, NY 10473, and a principal place of business located at 2059 2nd Avenue, New York, NY 10029.

9. Defendant, DRY CLEAN NYC SATELLITE LLC., is a domestic limited liability company organized under the laws of the State of New York with an address for service of process and principal place of business located at 103 Lenox Avenue, New York, NY 10026.

10. Defendants, JOHN DOE CORPORATIONS 1-3 d/b/a DRYCLEAN NYC, are various business corporations doing business as one of the Dryclean NYC dry cleaners throughout New York City, which employ Plaintiffs, FLSA Collective Plaintiffs and Class Members.

11. Upon information and belief, Individual Defendant, SAMUEL CERDA, is the Chief Executive Officer and Owner of DRY CLEAN NYC LLC.

12. Upon information and belief, Individual Defendant, ELTON CERDA, is the Chief Executive Officer and Owner of and DRY CLEAN NYC SATELLITE LLC.

13. Defendants operate a dry cleaning enterprise under the trade name "DryClean NYC" at the following locations:

    a.    2059 2nd Avenue, New York, NY 10029

    b.    103 Lenox Avenue, New York, NY 10026

    c.    555 Lenox Avenue, New York, NY 10037

    d.    708 Saint Nicholas Avenue, New York, NY 10031

14. Defendants also operated a "DryClean NYC" dry cleaners at 130 Nagle Avenue, New York, NY 10040, which is no longer operating.

15. All of the dry cleaning is done upon the "DryClean NYC" premises located at 2059 2nd Avenue, New York, NY 10029. After the clothes are cleaned at the 2nd Avenue location, they are distributed to the other locations for client pick-up.

16. Individual Defendants, SAMUEL CERDA and ELTON CERDA own and operate the "DryClean NYC" brand together. Defendant, SAMUEL CERDA, manages the accounting and financial affairs of "DryClean NYC". Defendant, ELTON CERDA, manages the day-to-day business of "DryClean NYC"

17. Each of the Individual Defendants listed had control over the terms and conditions of Plaintiffs' employment, and those of similarly situated employees. Specifically, with respect to Plaintiffs and other similarly situated employees, Individual Defendants maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiffs, the FLSA Collective Plaintiffs and the Class members. Moreover, Individual Defendants exercised functional control over the business and financial operations of the Corporate Defendants. Both Plaintiffs were hired and fired by Individual Defendant SAMUEL CERDA.

18. Courts in the Second Circuit routinely find employers of one establishment, including those in chains and franchises, jointly liable for wage and hour violations at other establishments if the separate establishments operate as a single integrated enterprise, engage in related activities, share common control and have a common business purpose. In *Lin v. Benihana National Corp.*, plaintiffs worked at the same "Benihana" franchise location but the Court did not dismiss the other defendants even though they did not directly employ plaintiffs, permitting plaintiffs to move for class certification to recover unpaid wages upon a showing of single

integrated enterprise. No. 10 Civ. 1335 (S.D.N.Y. 2010). Here, Defendants' dry cleaning enterprise includes four (4) currently operating DryClean NYC establishments throughout New York City. The various locations are marketed as one common enterprise under the same trade name, "DryClean NYC". Employees of Defendants are freely interchangeable among the four (4) (or more) DryClean NYC locations in New York City. Defendants run a website, www.drycleannyc.com, through which customers can order dry cleaning services from any of the DryClean NYC locations. See Exhibit A.

19. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

21. Individual Defendants are each principals and senior executive officers of the Corporate Defendants named herein and are each "employers" (as defined under the FLSA and NYLL) of Plaintiffs.

22. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

23. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

24. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage, overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, and a spread of hours premium. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

25. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all dry cleaning employees (ironers, washers, folders, cashiers, drivers and deliverers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

27. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them (i) the prevailing minimum wage, (ii) all overtime premium owed under the FLSA, and (iii)

"spread of hours" premiums under the New York Labor Law. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

28. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

29. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all dry cleaning employees with job titles including, but not limited to "ironer", "washer", "folder", "dryer", "cashier", "driver" and "deliverer" who were unjustly compensated, throughout the United States, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

30. All said persons, are referred to herein as the "New York Class Members." The class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

31. The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty (40) members of the Class.

32. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay the prevailing minimum wage, (iii) failing to pay "spread of hours" premium, (iv) failing to provide proper wage statements to Class members as required under the New York Labor Law, and (v) failing to provide proper wage and hour notice to Class members per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

33. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

34. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and

without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

35. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

36. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

e) Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

*Herlinda Francisco Garcia*

37. On or about June 1, 2012 Plaintiff, HERLINDA FRANCISCO GARCIA, was hired by Defendants and/or their predecessors, as applicable, to work as an ironer for Defendants' dry cleaners located at 2059 Second Avenue, New York, NY, 10029.

38. HERLINDA FRANCISCO GARCIA worked for Defendants until on or about September 10, 2017.

39. During the employment of Plaintiff, HERLINDA FRANCISCO GARCIA, by Defendants, she worked over forty (40) hours per week. During HERLINDA FRANCISCO GARCIA's employment by Defendants, she worked over ten (10) hours per day six days per week.

40. Specifically, from on or about June 1, 2012 until on or about January 1, 2016, HERLINDA FRANCISCO GARCIA alternated between summer and winter schedules. During the summertime, HERLINDA FRANCISCO GARCIA worked 6 days a week for 12.5 hours per day, while during the wintertime she worked 6 days a week for 9 hours per day. During this time period, HERLINDA FRANCISCO GARCIA received her compensation on a salary basis, at a rate of $450 per week from on or about June 1, 2012 until on or about December 31, 2012. Thereafter, from on or about January 1, 2013 until on or about December 31, 2015, HERLINDA FRANCISCO GARCIA received compensation at the rate of $550 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover her overtime compensation. Defendants willfully violated HERLINDA FRANCISCO GARCIA's rights by paying her on a salary basis, in violation of the New York Labor Law because HERLINDA FRANCISCO GARCIA is a non-exempt employee who must be paid on an hourly basis.

41. From on or about January 1, 2016 until on or about September 10, 2017, HERLINDA FRANCISCO GARCIA was paid in a piecemeal arrangement at the rate of $0.40 per piece ironed. Under this arrangement HERLINDA FRANCISCO GARCIA continued to work the same schedule as before. Accordingly, HERLINDA FRANCISCO GARCIA earned roughly $350/week during the wintertime and $600/week during the summertime.

*Remijia Garcia Solano*

42. On or about June 4, 2016 Plaintiff, REMIJIA GARCIA SOLANO, was hired by Defendants and/or their predecessors, as applicable, to work as an ironer for Defendants' dry cleaners located at 2059 Second Avenue, New York, NY, 10029.

43. REMIJIA GARCIA SOLANO worked at DRY CLEAN NYC LLC. until on or about September 12, 2017.

44. During the employment of Plaintiff, REMIJIA GARCIA SOLANO, by Defendants, she worked over forty (40) hours per week. During REMIJIA GARCIA SOLANO's employment by Defendants, she worked over ten (10) hours per day six days a week.

45. Specifically, REMIJIA GARCIA SOLANO worked 6 days a week for 11 hours per day. From on or about June 4, 2016 until on or about December 31, 2016, REMIJIA GARCIA SOLANO received an hourly rate of $10.00. From on or about January 1, 2017, until on or about September 12, 2017, REMIJIA GARCIA SOLANO received an hourly rate of $11.00.

46. During the course of REMIJIA GARCIA SOLANO's employment with Defendant, DRY CLEAN NYC LLC., she was always paid straight time, and never received overtime.

*Aristeo Velazco*

47. On or about March 31, 2016 Plaintiff, ARISTEO VELAZCO, was hired by Defendants and/or their predecessors, as applicable, to work as an ironer for Defendants' dry cleaners located at 2059 Second Avenue, New York, NY, 10029.

48. ARISTEO VELAZCO worked at DRY CLEAN NYC LLC. until on or about January 25, 2018.

49. During the employment of Plaintiff, ARISTEO VELAZCO, by Defendants, he worked over forty (40) hours per week. During ARISTEO VELAZCO's employment by Defendants, he worked over ten (10) hours per day six days a week.

50. Specifically, ARISTEO VELAZCO worked 6 days a week for 12 hours per day from the starting date to September 30, 2017, and 6 days a week for 10 hours per day from October 1, 2017 to January 25, 2018. From on or about March 31, 2016 until on or about May 31, 2017, ARISTEO VELAZCO received a fixed salary rate of $650.00 per week. From on or about June 1, 2017, until on or about January 25, 2018, ARISTEO VELAZCO received a fixed salary rate of $750.00 per week.

51. During the course of ARISTEO VELAZCO's employment with Defendant, DRY CLEAN NYC LLC., he was always paid straight time, and never received overtime.

52. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not paying either the New York State minimum wage or the FLSA federal minimum wage.

53. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law.

54. At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by New York Labor Law.

55. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

56. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

57. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the New York Labor Law.

58. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

59. Defendants knowingly and willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

60. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

61. Plaintiffs reallege and reaver Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

63. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

64. Upon information and belief, at all relevant times, Defendant, DRY CLEAN NYC LLC., had gross revenues in excess of $500,000.

65. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, FLSA Collective Plaintiffs and the Class for their hours worked in excess of forty hours per workweek.

66. Defendants failed to pay Plaintiffs, FLSA Collective Plaintiffs and the Class overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

67. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

68. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

69. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

70. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs, FLSA Collective Plaintiffs and the Class are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

71. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs, FLSA Collective Plaintiffs and the Class suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

72. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

73. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, FLSA Collective Plaintiffs and the Class at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

74. Defendants failed to properly disclose or apprise Plaintiffs, FLSA Collective Plaintiffs and the Class of their rights under the FLSA.

75. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

76. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

77. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

78. Plaintiffs reallege and reaver Paragraphs 1 through 77 of this Complaint as if fully set forth herein.

79. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

80. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

81. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

82. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

83. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

84. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

85. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

86. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

   b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

   d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

   e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

   f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiffs as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: April 3, 2018

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By: ___/s/ C.K. Lee_____
    C.K. Lee, Esq. (CL 4086)